UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ANGELA PRITCHETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 4:20-cv-279-MHC |
| | ) |
| EVERGREEN PRESBYTERIAN | ) |
| MINISTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Louisiana nonprofit corporation with its principal address at 2101 Highway 80, Haughton, Louisiana, 71037. Defendant does business in and has offices in Georgia and other states throughout the country. Its registered agent for service of process in Georgia is Nancy Mason, 370 Bowen Road North, Chatsworth, Georgia, 30705.

3. Defendant provides support services to adults who have intellectual

disabilities, including work support, day care, and group home services.

4. Plaintiff was employed by Defendant as an employment specialist from approximately May of 2017 to March of 2019, and again as a direct support specialist from approximately June of 2019 to March of 2020. Plaintiff performed duties that included helping clients obtain and perform jobs, and working in day care facilities and group homes. She performed work in Dalton, Talking Rock, and Ellijay, Georgia, as well as in Chattanooga, Tennessee.

5. Defendant paid Plaintiff an hourly rate of pay for her work, and she recorded her time on an online time recording system in accordance with Defendant's instructions.

6. While Plaintiff was employed by Defendant, she routinely performed uncompensated work "off the clock," including uncompensated overtime hours of more than 40 per workweek.

7. More specifically, Plaintiff's direct supervisor routinely called Plaintiff at home after normal work hours and engaged in hours-long conversations about work issues. Plaintiff's supervisor was well aware that Plaintiff was not compensated for this work.

8. In addition, in accordance with instructions from Plaintiff's supervisor, Plaintiff clocked out before traveling from one of Defendant's offices

or facilities to another to perform work during standard work hours. Accordingly, Plaintiff was not compensated for this travel time between sites.

9. Defendant also simply deleted portions of Plaintiff's recorded work time from her time records and failed to compensate Plaintiff for this time.

10. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

11. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

12. While Plaintiff was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

15. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

16.   Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

17.   Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded its legal obligation.

18.   Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

19.   In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20.   Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a)  overtime back pay;

(b)  liquidated damages in an amount equal to her overtime back pay;

(c)  interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com


/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
 Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff